

# THE ATTORNEY GENERAL
# OF TEXAS

October 18, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable James L. Anderson, Jr.    Opinion No. JM-965
Aransas County Attorney
Aransas County Courthouse           Re: Whether a municipal-
301 N. Live Oak                     ity may utilize a portion
Rockport, Texas 78382               of the hotel-motel tax
                                    for supplementing the
                                    operations budget for
                                    certain recreational
                                    facilities and related
                                    questions (RQ-1438)

Dear Mr. Anderson:

You ask whether the city of Rockport may use a portion
of its hotel tax for supplementing the operations budget for
city recreational facilities at Rockport Beach.

Section 350.002 of the Tax Code authorizes
municipalities to impose a tax on the use or possession of a
hotel room. See Tax Code §§ 351.001(5); 156.001 (defining
"hotel" for purposes of section 350.002). Section 351.101
of the Tax Code provides:

> (a) Revenue from the municipal hotel
> occupancy tax may be used only for:
>
> (1) the acquisition of sites for and
> the construction, improvement, enlarging,
> equipping, repairing, operation, and
> maintenance of convention center
> facilities;
>
> (2) the furnishing of facilities,
> personnel, and materials for the
> registration of convention delegates or
> registrants;
>
> (3) advertising for general promotional
> and tourist advertising of the
> municipality and its vicinity and
> conducting a solicitation and operating

program to attract conventions and visitors either by the municipality or through contracts with persons or organizations selected by the municipality;

(4) the encouragement, promotion, improvement, and application of the arts, including instrumental and vocal music, dance, drama, folk art, creative writing, architecture, design and allied fields, painting, sculpture, photography, graphic and craft arts, motion pictures, radio, television, tape and sound recording, and other arts related to the presentation, performance, execution, and exhibition of these major art forms; and

(5) historical restoration and preservation projects or activities:

(A) at or in the immediate vicinity of convention center facilities; or

(B) that would be frequented by tourists and visitors to the municipality.

(b) It is the intent of the legislature that revenues derived from the tax authorized by this chapter are to be expended in a manner directly enhancing and promoting tourism and the convention and hotel industry.

Although you do not describe in detail the facilities at Rockport Beach or their operation, the information you provide suggests that the facilities are used for general recreation rather than for any of the purposes set out in section (a) of article 351.101.

It has been suggested that subdivision (b) of article 351.101, which provides that is the intent of the legislature that the hotel tax be used to promote tourism and the convention and hotel industry, adds to the purposes for which the hotel tax may be used. We conclude, however, that section (b) does not add to section (a). Rather, it limits it by providing that when money is spent for one of the purposes listed in subsection (a), it should be done so in a manner that promotes tourism and the convention and hotel industry.

The language of section 351.101 set out in the text of this opinion was adopted by the 70th Legislature as part of a nonsubstantive revision of statutes relating to local taxation.  Acts 1987, 70th Leg., ch. 191, p. 1410 (hereinafter "Chapter 191").  Section 351.101 was a recodification of former section 3c of article 1269j-4.1, V.T.C.S.

Another bill adopted by the 70th Legislature purported to amend subsection (a) of section 3c of article 1269j-4.1, which Chapter 191 expressly repealed.  Acts 1987, 70th Leg., ch. 1125, p. 3856 (hereinafter "Chapter 1125").  That bill purported to amend subsection (a) of section 3c of article 1269j-4.1 as follows:

> (a) The revenue derived from any occupancy tax authorized or validated by this Act may only be used to promote tourism and the convention and hotel industry, and such use is limited to the following [for]:
>
> (1) the acquisition of sites for and the construction, improvement, enlarging, equipping, repairing, operation, and maintenance of convention center facilities including, but not limited to, civic center convention buildings, auditoriums, coliseums, civic theaters, museums, and parking areas or facilities for the parking or storage of motor vehicles or other conveyances located at or in the immediate vicinity of the convention center facilities;
>
> (2) the furnishing of facilities, personnel and materials for the registration of convention delegates or registrants;
>
> (3) for [advertising---for] general promotional and tourist advertising of the city and its vicinity and conducting a solicitation and operating a program to attract conventions and visitors either by the city or through contracts with persons or organizations selected by the city;
>
> (4) the encouragement, promotion, improvement, and application of the arts, including music (instrumental and vocal), dance, drama, folk art, creative writing, architecture, design and allied fields, painting, sculpture, photography, graphic and

> craft arts, motion pictures, television, radio, tape and sound recording, and the arts related to the presentation, performance, execution, and exhibition of these major art forms;
>
> (5) historical preservation and restoration projects or activities at or in the immediate vicinity of convention center facilities or historical preservation and restoration projects or activities located elsewhere in the city that would be frequented by tourists and visitors to the city.

Chapter 1125 amended subsection (c) of section 3c as follows:

> Revenue [It-is-the-intent-of-the--legislature that---revenues] derived from the tax authorized by this Act is [are] to be expended solely in a manner directly enhancing and promoting tourism and the convention and hotel industry as permitted in Subsection (a) of this section. Such revenue shall not be used for the general revenue purposes or general governmental operations of a city. (Underlining indicates new language; overstriking indicates deleted language.)

The repeal of a statute as part of a recodification does not affect an amendment of the statute by the same legislature that enacted the code. The amendment is preserved and given effect as part of the code provision. Gov't Code § 311.031(c). Therefore, the substance of Chapter 1125 is be be given effect. We think that Chapter 1125 was intended to clarify, rather than change, the existing law, in regard to the purposes for which the city hotel tax may be spent. See Bill Analysis, S.B. No. 1532, 70th Leg. (prepared for House Committee on Ways and Means); see also Attorney General Opinion JM-690 (1987). In any case, no matter how the prior law was interpreted, Chapter 1125 provides unequivocally that the promotion of tourism and the convention and hotel industry is not a separate, general category for which cities may use the hotel tax. Rather, the law requires that when a hotel tax is used for one of the purposes set out in section (a) of article 351.101, it must also have the effect of promoting tourism and the hotel and convention industry.

You also ask whether the hotel tax may be used to reduce the debt on bonds issued under article 1269j-4.1, V.T.C.S. Article 1269j-4.1 authorizes cities to issue revenue bonds for the "establishment, acquisition, purchase, construction, improvement, enlargement, equipment or repair" of a variety of public improvements. Section 351.102(a) of the Tax Code provides:

> Subject to the limitations provided by this subchapter, a municipality may pledge the revenue derived from the tax imposed under this chapter [the hotel tax] for the payment of bonds that are issued under Section 3, Chapter 63, Acts of the 59th Legislature, Regular Session, 1965 (Article 1269j-4.1, Vernon's Texas Civil Statutes), <u>for one or more of the purposes provided by Section 351.101</u>. (Emphasis added.)

That provision allows the hotel tax to be used for payment of bonds issued under article 1269j-4.1 only if the bonds were issued for one of the purposes set out in section 351.101 of the Tax Code. In other words, section 351.102(a) does not expand the purposes for which the hotel tax may be used. Rather, it merely provides that the tax may be used for payment of bonds that were issued for purposes listed in section 351.101 as well as for direct expenditures for purposes listed in section 351.101.

We do note that section 351.105 does permit an "eligible coastal municipality" that levies a hotel tax of at least seven percent to use a portion of the tax for certain recreation facilities that "serve the purpose of attracting visitors and tourists to the municipality." An eligible coastal municipality is "a home-rule municipality that borders on the Gulf of Mexico and has a population of less than 80,000." Tax Code § 351.001(4). Because you state that Rockport "does not adjoin a Gulf of Mexico beach," we need not consider whether section 351.105 would permit the use of the tax for operation of the type of facilities you ask about.

## S U M M A R Y

Section 351.101 of the  Tax Code sets  out the  exclusive  purposes  for  which  the municipal hotel tax may be used.  The tax may not be  used  for the  operation  of  general recreational facilities.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General